676 S.E.2d 319

**In the Matter of James Marshall BIDDLE, Respondent.**

No. 26635.

Supreme Court of South Carolina.

Submitted March 9, 2009.

Decided April 20, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis Jr., Senior Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Irby E. Walker, Jr., of Conway, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either the imposition of an admonition or public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On or about October 26, 2006, Complainant retained respondent to represent him in a divorce action. Respondent admits that, between October 2006 and October 2007, there were periods of time when he did not return Complainant's telephone calls. He further admits that he failed to act diligently in connection with the handling of Complainant's domestic action.

On October 5, 2007, respondent informed Complainant via e-mail that he had spoken with the family court judge who had indicated she would sign an order approving service by publication and that the documents would be sent out the following week. This information to Complainant was premature as respondent had not presented an order to the family court judge.

On December 13, 2007, Complainant sent respondent an email stating that it had been over a year since respondent

had been retained. Complainant inquired whether the divorce had been finalized. Respondent replied via e-mail that "[t]he Judge has signed the order approving publication and we are in the process of serving her by publication." This statement was a fabrication as no order of publication had been signed.

On or about February 15, 2008, respondent received notice from the Clerk of Court that Complainant's case had been pending for 365 days and was subject to dismissal. Respondent failed to inform Complainant of this development. Instead, when Complainant e-mailed respondent on March 12, 2008 expressing frustration with the progress of the case, respondent responded by repeating his earlier misrepresentation about the status of the case. Respondent stated, ". . . the judge has approved the service by publication." Respondent knew that this statement was completely false.

On March 17, 2008, respondent requested a status conference with the family court judge to discuss Complainant's case and to obtain permission to serve the defendant by publication. This request was denied.

On March 18, 2008, respondent sent an e-mail to the family court judge stating that Complainant's case had "slipped through the cracks on me." Respondent requested additional time to serve the defendant by publication.

On March 19, 2008, respondent received a written response from the family court judge denying the request for service by publication and giving respondent thirty (30) days to effect service or the matter would be dismissed. Respondent did not inform Complainant about this development.

On April 21, 2008, respondent received notice that Complainant's case had been dismissed. Respondent failed to inform Complainant of the dismissal. Complainant did not learn of the dismissal until May 9, 2008 when he went to the Clerk of Court's office seeking information on the status of his case.

Respondent has been cooperative with ODC throughout this investigation.

### LAW

Respondent admits that by his misconduct he has violated the Rules of Professional Conduct, Rule 407, SCACR, particu-

larly Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client), Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information), Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client), and Rule 8.4 (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.